HOFMANN & SCHWEITZER
212 West 35th Street, 12th Floor
New York, New York 10001
Tel: 212-465-8840
Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JASON GELLMAN,

                Plaintiff,

  against-                                            COMPLAINT

PORT AUTHORITY OF NEW YORK AND          Docket No.: 1:20-cv-2360
NEW JERSEY, RED HOOK CONTAINER
TERMINAL, LLC , RED HOOK TERMINALS and
RED HOOK CONRO TERMINALS, LLC,

                Defendants.
-------------------------------------------------------------------x

## JURY TRIAL DEMANDED

Plaintiff JASON GELLMAN claims of the defendants, PORT AUTHORITY OF NEW YORK AND NEW JERSEY, RED HOOK CONTAINER TERMINAL, LLC, RED HOOK TERMINALS and RED HOOK CONRO TERMINALS, LLC, damages upon the following causes of action:

## JURISDICTION AND PARTIES

1.       Plaintiff is a citizen of the State of New York.

2.       At all times herein mentioned defendant, PORT AUTHORITY OF NEW YORK AND NEW JERSEY (hereinafter "PORT AUTHORITY"), was and is a bi-state agency approved by Congress and amenable to suit in the State of New York.

3. At all times hereinafter mentioned defendant RED HOOK CONTAINER TERMINAL, LLC (hereinafter "RHCT, LLC") was and is a domestic limited liability company that is doing business in the State of New York.

4. At all times hereinafter mentioned defendant RED HOOK TERMINALS (hereinafter "RHT") was and is a multi-faceted terminal operator and stevedore company that is currently operating in Brooklyn, NY; Newark, NJ; Baltimore, MD and Freeport, TX.

5. At all times hereinafter mentioned defendant RHT operates a cross harbor barge between Red Hook Container Terminal in Brooklyn, NY and Red Hook Conro Terminal in Newark, NJ.

6. At all times hereinafter mentioned defendant RED HOOK CONRO TERMINAL, LLC (hereinafter "CONRO") was and is a foreign limited liability company that is doing business in the State of New York.

7. On or about December 11, 2018, plaintiff was in the employ of American Maritime Services. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

8. The jurisdiction of this Court over this claim arises under and by virtue of the General Admiralty and Maritime Law, and under the court's admiralty Jurisdiction, 28 U.S.C. § 1333 and through the operation of the Longshore and Harbor Workers Compensation Act, and in particular, 33 U.S.C. § 901 et seq.

9. Venue is properly placed in the United States District Court for the Eastern District of New York since the incident occurred here, defendant maintains its

3

place of business here, many of the witnesses are located here, and this is the most convenient place for the trial.

10. The freight barge NEW JERSEY (hereinafter the "NEW JERSEY") upon information and belief, is an American-flagged vessel traversing United States waters and is currently in the navigable waters of New York. Said Barge's official Coast Guard Number is 1033082.

## AS AND FOR A FIRST CAUSE OF ACTION
## VESSEL NEGLIGENCE AGAINST PORT AUTHORITY

11. At all times herein mentioned PORT AUTHORITY is, and on or about December 11, 2018 was, the owner of the aforementioned vessel NEW JERSEY, or owner pro hac vice.

12. Upon information and belief, at all times material hereto defendant PORT AUTHORITY possessed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

13. Upon information and belief, at all times material hereto defendant PORT AUTHORITY operated the vessel NEW JERSEY in coastwise and intra-coastal commerce.

14. Upon information and belief, at all times material hereto defendant PORT AUTHORITY managed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

15. Upon information and belief, at all times material hereto defendant PORT AUTHORITY controlled the vessel NEW JERSEY in coastwise and intra-coastal commerce.

4

16. Upon information and belief, at all times material hereto defendant PORT AUTHORITY was the bareboat charterer, and/or was the owner pro hac vice of the vessel NEW JERSEY.

17. On or about December 11, 2018, plaintiff was in the employ of American Maritime Services as a lasher. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

18. On or about December 11, 2018, plaintiff was performing his assigned work for American Maritime Services aboard defendant PORT AUTHORITY's vessel NEW JERSEY, while the vessel was upon the navigable waters of the United States at Red Hook Container Terminal's facility in Brooklyn, New York.

19. On or about December11, 2018, plaintiff was working on the vessel NEW JERSEY that was owned, operated, managed, bareboat chartered or otherwise within the control of the PORT AUTHORITY.

20. On or about December 11, 2018, plaintiff was assigned to perform work, as a lasher aboard the vessel NEW JERSEY described above.

21. Pursuant to 33 U.S.C. § § 905(b) and 933, plaintiff is entitled to bring a claim against vessel owners and operators where vessels cause him injury.

22. On or about December 11, 2018 plaintiff, while in the course of his employment, was struck in the face by a twist lock that fell off of a container that was being removed from the vessel NEW JERSEY, via crane, and thereby sustained the serious personal injuries described more fully below due to inadequate warnings, inadequate equipment and the inherently dangerous

conditions of the vessel and its appurtenances. Specifically, plaintiff was injured due to a defective twist lock that fell from a container and struck plaintiff in the face and defendant is also liable for such other acts of negligence as the evidence will show.

23. Plaintiff's injuries were caused by the unsafe conditions and the negligence of the defendant PORT AUTHORITY, by its agents, servants, workmen and employees and by the dangerous conditions and appurtenances that existed on its vessel NEW JERSEY.

24. Plaintiff's injuries were caused by statutory and regulatory violations, including but not limited to, the violation of the ISM Code, OSHA regulations and related enactments, as the evidence will show.

25. Defendant failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the vessel NEW JERSEY failed to provide adequate protections to plaintiff, failed to provide a twist lock that would not fail and/or fall from a container that was hoisted above plaintiff or other device that would provide plaintiff with a safe place to work on its vessel, failed to warn of the hazardous conditions that existed on the vessel NEW JERSEY. PORT AUTHORITY, as vessel owner, caused and created the hazardous conditions which caused plaintiff's injuries. Despite PORT AUTHORITY'S knowledge of the existence of these conditions, it failed to provide adequate equipment given the reasonable foreseeability of harm to plaintiff; it failed to provide a safe place for plaintiff to work; it failed to exercise that degree of care which a reasonably prudent vessel

6

owner would have exercised in like circumstances; and defendant is otherwise careless, reckless and negligent in its maintenance, operation, securing, ownership, possession and control of its vessel; and is otherwise liable for plaintiff's injuries pursuant to its negligence and its breach of statutes, rules, standards and regulations applicable to it, or those to which reference in the industry is made which create a reasonable standard of conduct with which it failed to comply.

26. Due to the negligence of the defendant PORT AUTHORITY, and the dangerous conditions of the vessel as set forth above, plaintiff's muscles, nerves, tendons, and blood vessels were severely wrenched, sprained, bruised and otherwise injured; he sustained an injury to his head, his face, his left eye and his teeth; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been disabled from performing his usual duties, occupations and avocations; and has in the past suffered a loss of earnings, and will in the future suffer diminution in earnings capacity.

27. By reason of the foregoing, plaintiff claims compensatory damages in an amount found fair and reasonable by the trier of fact, plus claims for such costs, fees and interest as the law allows.

## AS AND FOR A SECOND CAUSE OF ACTION
## VESSEL NEGLIGENCE AGAINST RHCT, LLC

28. At all times herein mentioned RHCT, LLC is, and on or about December 11, 2018 was, the owner of the aforementioned vessel NEW JERSEY, or owner pro hac vice.

29. Upon information and belief, at all times material hereto defendant RHCT, LLC possessed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

30. Upon information and belief, at all times material hereto defendant RHCT, LLC operated the vessel NEW JERSEY in coastwise and intra-coastal commerce.

31. Upon information and belief, at all times material hereto defendant RHCT, LLC managed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

32. Upon information and belief, at all times material hereto defendant RHCT, LLC controlled the vessel NEW YORK in coastwise and intra-coastal commerce.

33. Upon information and belief, at all times material hereto defendant RHCT, LLC was the bareboat charterer, and/or was the owner pro hac vice of the vessel NEW JERSEY.

34. On or about December 11, 2018, plaintiff was in the employ of American Maritime Services as a lasher. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

35. On or about December 11, 2018, plaintiff was performing lashing work for American Maritime Services aboard defendant RHCT, LLC's vessel NEW

8

JERSEY, while the vessel was upon the navigable waters of the United States at Red Hook Container Terminal's facility in Brooklyn, New York.

36. On or about December 11, 2018, plaintiff was working on the vessel NEW JERSEY that was owned, operated, managed, bareboat chartered or otherwise within the control of the RHCT, LLC.

37. On or about December 11, 2018, plaintiff was assigned to perform work, as a lasher, aboard the vessel NEW JERSEY described above.

38. Pursuant to 33 U.S.C. § § 905(b) and 933, plaintiff is entitled to bring a claim against vessel owners and operators where vessels cause him injury.

39. On or about December 11, 2018 plaintiff, while in the course of his employment, was struck in the face by a twist lock that fell off of a container that was being re moved from the vessel NEW JERSEY, via crane, and thereby sustained the serious personal injuries described more fully below due to inadequate warnings, inadequate equipment and the inherently dangerous conditions of the vessel and its appurtenances.  Specifically, plaintiff was injured due to a defective twist lock that fell from a container and struck plaintiff in the face and defendant is also liable for such other acts of negligence as the evidence will show.

40. Plaintiff's injuries were caused by the unsafe conditions and the negligence of the  defendant RHCT, LLC, by its agents, servants, workmen and employees and by the dangerous conditions and appurtenances that existed on its vessel NEW JERSEY.

9

41. Plaintiff's injuries were caused by statutory and regulatory violations, including but not limited to, the violation of the ISM Code, OSHA regulations and related enactments, as the evidence will show.

42. Defendant failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the vessel NEW JERSEY, failed to provide adequate protections to plaintiff, failed to provide a twist lock that would not fail and/or fall from a container that was hoisted above plaintiff or other device that would provide plaintiff with a safe place to work on its vessel, failed to warn of the hazardous conditions that existed on the vessel, failed to warn of the hazardous conditions that existed on the vessel NEW JERSEY.  RHCT, LLC, as vessel owner and operator and terminal operator, caused and created the hazardous conditions which caused plaintiff's injuries. Despite RHCT, LLC's knowledge, in its capacity as vessel owner, operator and terminal operator of the existence of these conditions, it failed to provide adequate equipment given the reasonable foreseeability of harm to plaintiff; it failed to provide a safe place for plaintiff to work and means to disembark the vessel; it failed to exercise that degree of care which a reasonably prudent vessel owner would have exercised in like circumstances; and defendant is otherwise careless, reckless and negligent in its maintenance, operation, securing, ownership, possession and control of its Vessel; and is otherwise liable for plaintiff's injuries pursuant to its negligence and its breach of statutes, rules, standards and regulations applicable to it, or

10

those to which reference in the industry is made which create a reasonable standard of conduct with which it failed to comply.

43. Due to the negligence of the defendant RHCT, LLC, and the dangerous conditions of the vessel and terminal as set forth above, plaintiff's muscles, nerves, tendons, and blood vessels were severely wrenched, sprained, bruised and otherwise injured; he sustained an injury to his head, his face, his left eye and his teeth; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been disabled from performing his usual duties, occupations and avocations; and has in the past suffered a loss of earnings, and will in the future suffer diminution in earnings capacity.

44. By reason of the foregoing, plaintiff claims compensatory damages in an amount found fair and reasonable by the trier of fact, plus claims for such costs, fees and interest as the law allows.

## AS AND FOR A THIRD CAUSE OF ACTION
## VESSEL NEGLIGENCE AGAINST RHT

45. At all times herein mentioned RHT is, and on or about December 11, 2018 was, the owner of the aforementioned vessel NEW JERSEY, or owner pro hac vice.

46. Upon information and belief, at all times material hereto defendant RHT possessed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

47. Upon information and belief, at all times material hereto defendant RHT operated the vessel NEW JERSEY in coastwise and intra-coastal commerce.

48. Upon information and belief, at all times material hereto defendant RHT managed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

49. Upon information and belief, at all times material hereto defendant RHT controlled the vessel NEW JERSEY in coastwise and intra-coastal commerce.

50. Upon information and belief, at all times material hereto defendant RHT was the bareboat charterer, and/or was the owner pro hac vice of the vessel NEW JERSEY.

51. On or about December 11, 2018, plaintiff was in the employ of American Maritime Services as a lasher. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

52. On or about December 11, 2018, plaintiff was performing lashing work for American Maritime Services aboard defendant RHT's vessel NEW JERSEY, while the vessel was upon the navigable waters of the United States at Red Hook Container Terminal's facility in Brooklyn, New York.

53. On or about December 11, 2018, plaintiff was working on the vessel NEW JERSEY that was owned, operated, managed, bareboat chartered or otherwise within the control of the RHT.

54. On or about December 11, 2018, plaintiff was assigned to perform work, as a lasher, aboard the vessel NEW JERSEY described above.

55. Pursuant to 33 U.S.C. § § 905(b) and 933, plaintiff is entitled to bring a claim against vessel owners and operators where vessels cause him injury.

56. On or about December 11, 2018 plaintiff, while in the course of his employment, was struck in the face by a twist lock that fell off of a container that was being removed from the vessel NEW JERSEY, via crane, and thereby sustained the serious personal injuries described more fully below due to inadequate warnings, inadequate equipment and the inherently dangerous conditions of the vessel and its appurtenances. Specifically, plaintiff was injured due to a defective twist lock that fell from a container and struck plaintiff in the face and defendant is also liable for such other acts of negligence as the evidence will show.

57. Plaintiff's injuries were caused by the unsafe conditions and the negligence of the defendant RHT, by its agents, servants, workmen and employees and by the dangerous conditions that existed on its vessel NEW JERSEY.

58. Plaintiff's injuries were caused by statutory and regulatory violations, including the violation of the ISM Code, OSHA regulations and related enactments, as the evidence will show.

59. Defendant failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the vessel NEW JERSEY, failed to provide adequate protections to plaintiff, failed to provide a twist lock that would not fail and/or

fall from a container that was hoisted above plaintiff or other device that would provide plaintiff with a safe place to work on its vessel, failed to warn of the hazardous conditions that existed on the vessel, failed to warn of the hazardous conditions that existed on the vessel NEW JERSEY. RHT, as vessel owner, caused and created the hazardous conditions which caused plaintiff's injuries. Despite RHT's knowledge, in its capacity as vessel owner, of the existence of these conditions, it failed to provide adequate equipment given the reasonable foreseeability of harm to plaintiff; it failed to provide a safe place for plaintiff to work and means to disembark the vessel; it failed to exercise that degree of care which a reasonably prudent vessel owner would have exercised in like circumstances; and defendant is otherwise careless, reckless and negligent in its maintenance, operation, securing, ownership, possession and control of its Vessel; and is otherwise liable for plaintiff's injuries pursuant to its negligence and its breach of statutes, rules, standards and regulations applicable to it, or those to which reference in the industry is made which create a reasonable standard of conduct with which it failed to comply.

60. Due to the negligence of the defendant RHT, and the dangerous conditions of the vessel as set forth above, plaintiff's muscles, nerves, tendons, and blood vessels were severely wrenched, sprained, bruised and otherwise injured; he sustained an injury to his head, his face, his left eye and his teeth; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the

   past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been disabled from performing his usual duties, occupations and avocations; and has in the past suffered a loss of earnings, and will in the future suffer diminution in earnings capacity.

61. By reason of the foregoing, plaintiff claims compensatory damages in an amount found fair and reasonable by the trier of fact, plus claims for such costs, fees and interest as the law allows.

AS AND FOR A FOURTH CAUSE OF ACTION
VESSEL NEGLIGENCE AGAINST CONRO

62. At all times herein mentioned CONRO is, and on or about December 11, 2018 was, the owner of the aforementioned vessel NEW JERSEY, or owner pro hac vice.

63. Upon information and belief, at all times material hereto defendant CONRO possessed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

64. Upon information and belief, at all times material hereto defendant CONRO operated the vessel NEW JERSEY in coastwise and intra-coastal commerce.

65. Upon information and belief, at all times material hereto defendant CONRO managed the vessel NEW JERSEY in coastwise and intra-coastal commerce.

66. Upon information and belief, at all times material hereto defendant CONRO controlled the vessel NEW JERSEY in coastwise and intra-coastal commerce.

67. Upon information and belief, at all times material hereto defendant CONRO was the bareboat charterer, and/or was the owner pro hac vice of the vessel NEW JERSEY.

68. On or about December 11, 2018, plaintiff was in the employ of American Maritime Services as a lasher. As such, plaintiff was a covered employee as defined under 33 U.S.C. § 901 et seq., commonly known as the Longshore and Harbor Workers Compensation Act (hereinafter "LHWCA").

69. On or about December 11, 2018, plaintiff was performing lashing work for American Maritime Services aboard defendant CONRO's vessel NEW JERSEY, while the vessel was upon the navigable waters of the United States at Red Hook Container Terminal's facility in Brooklyn, New York.

70. On or about December 11, 2018, plaintiff was working on the vessel NEW JERSEY that was owned, operated, managed, bareboat chartered or otherwise within the control of CONRO.

71. On or about December 11, 2018, plaintiff was assigned to perform work, as a lasher, aboard the vessel NEW JERSEY described above.

72. Pursuant to 33 U.S.C. § § 905(b) and 933, plaintiff is entitled to bring a claim against vessel owners and operators where vessels cause him injury.

73. On or about December 11, 2018 plaintiff, while in the course of his employment, was struck in the face by a twist lock that fell off of a container that was being removed from the vessel NEW JERSEY, via crane, and thereby sustained the serious personal injuries described more fully below due to inadequate warnings, inadequate equipment and the inherently dangerous

conditions of the vessel and its appurtenances.  Specifically, plaintiff was injured due to a defective twist lock that fell from a container and struck plaintiff in the face and defendant is also liable for such other acts of negligence as the evidence will show.

74. Plaintiff's injuries were caused by the unsafe conditions and the negligence of the defendant CONRO, by its agents, servants, workmen and employees and by the dangerous conditions that existed on its vessel NEW JERSEY.

75. Plaintiff's injuries were caused by statutory and regulatory violations, including but not limited to, the violation of the ISM Code, OSHA regulations and related enactments, as the evidence will show.

76. Defendant failed to provide reasonable and adequate protection to the lives, health and safety of plaintiff as required by law, failed to correct hazardous conditions upon the vessel NEW JERSEY, failed to provide adequate protections to plaintiff, failed to provide a twist lock that would not fail and/or fall from a container that was hoisted above plaintiff or other device that would provide plaintiff with a safe place to work on its vessel, failed to warn of the hazardous conditions that existed on the vessel, failed to warn of the hazardous conditions that existed on the vessel NEW JERSEY.   CONRO, as vessel owner, caused and created the hazardous conditions which caused plaintiff's injuries. Despite CONRO's knowledge, in its capacity as vessel owner, of the existence of these conditions, it failed to provide adequate equipment given the reasonable foreseeability of harm to plaintiff; it failed to provide a safe place for plaintiff to work and means to disembark the vessel; it failed to exercise that degree of care

which a reasonably prudent vessel owner would have exercised in like circumstances; and defendant is otherwise careless, reckless and negligent in its maintenance, operation, securing, ownership, possession and control of its Vessel; and is otherwise liable for plaintiff's injuries pursuant to its negligence and its breach of statutes, rules, standards and regulations applicable to it, or those to which reference in the industry is made which create a reasonable standard of conduct with which it failed to comply.

77. Due to the negligence of the defendant CONRO, and the dangerous conditions of the vessel as set forth above, plaintiff's muscles, nerves, tendons, and blood vessels were severely wrenched, sprained, bruised and otherwise injured; he sustained an injury to his head, his face, his left eye and his teeth; he sustained internal injuries, the full extent of which is not yet known; he sustained severe injury and shock to his nerves and nervous system; he has in the past required and will in the future require medical treatment, care and attention; he has in the past been and will in the future be obliged to expend monies and incur obligations for medical care and attention; he has in the past suffered and will in the future continue to suffer agonizing aches, pains and mental anguish; he has in the past been disabled from performing his usual duties, occupations and avocations; and has in the past suffered a loss of earnings, and will in the future suffer diminution in earnings capacity.

78. By reason of the foregoing, plaintiff claims compensatory damages from defendants in an amount found fair and reasonable by the trier of fact, plus claims for such costs, fees and interest as the law allows.

18

WHEREFORE, plaintiff demands judgment against defendants as aforesaid on the above causes of action.

Dated: New York, New York
      May 27, 2020

HOFMANN & SCHWEITZER

By: /s/ Timothy F. Schweitzer
    Timothy F Schweitzer
    Attorneys for Plaintiff
    212 West 35th Street, 12th Floor
    New York, N.Y. 10001
    Tel: (212) 465-8840